| | |
|---|---|
| 1 | STEPHANIE M. HINDS (CABN 154284) |
|   | United States Attorney |
| 2 | |
| 3 | THOMAS A. COLTHURST (CABN 99493) |
|   | Chief, Criminal Division |
| 4 | |
| 5 | CHRISTINA LIU (CABN 308362) |
|   | Assistant United States Attorney |

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5051
FAX: (408) 535-5081
christina.liu@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-373 EJD |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| FRANCISCO JAVIER SCHRAIDT RODRIGUEZ, | Court: The Honorable Edward J. Davila |
|  | Date: August 29, 2022 |
|  | Time: 1:30 p.m. |
| Defendant. | |

The United States submits this sentencing memorandum for the Court's consideration and recommends a sentence of 108 months of imprisonment for defendant Francisco Javier Schraidt Rodriguez, pursuant to the Rule 11(c)(1)(C) plea agreement entered on April 11, 2022. The United States also requests an order of restitution for any qualifying costs that the victim's family may submit between now and Schraidt Rodriguez's sentencing hearing.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

<u>Charged Conduct</u>

At the time of his arrest in this case, Schraidt Rodriguez was a drug trafficker who worked at a pharmacy in Mexico and who had easy access to counterfeit M30 pills that contained fatal amounts of fentanyl. Between 2018 and 2019, he knowingly transported and sold hundreds of these fentanyl-laced pills for personal profit to Co-Conspirator 1 in the Northern District of California. These M30 pills were shaped and colored to resemble oxycodone pills sold in the legitimate marketplace, and were imprinted with an "M" on one side and a "30" on the other side.

Specifically, on several occasions between June 2018 and November 2019, Schraidt Rodriguez obtained hundreds of M30 pills from an illegitimate drug source, and bottles of alprazolam (Xanax) from his pharmacy sources, in Mexico so that he could distribute them onwards to Co-Conspirator 1. Schraidt Rodriguez then smuggled these drugs from Mexicali, Mexico, across the United States border to the neighboring town of Calexico, California, and then shipped these drugs by mail to Co-Conspirator 1. Schraidt Rodriguez sold these drugs to Co-Conspirator 1 in exchange for electronic payments and check deposits totaling $81,859.

Schraidt Rodriguez sold fentanyl and alprazolam sales to Co-Conspirator 1, even though he knew better than to distribute and disseminate deadly substances into the community. Schraidt Rodriguez knew that his counterfeit M30 pills contained fentanyl. He knew that fentanyl was so dangerous that it had caused overdose deaths in the news, and he knew, or should have known, that he was not authorized to dispense any controlled substances at all in the United States. Nevertheless, he continued his fentanyl and alprazolam sales to Co-Conspirator 1 for several months and, at the peak of his known fentanyl sales, sold Co-Conspirator 1 M30 pills in the approximate amount of 100 M30 pills at a time.

The consequences of Schraidt Rodriguez's actions were, and continue to be, devastating. Co-Conspirator 1 sold Schraidt Rodriguez's M30 pills to co-defendant Matthew Sanchez, who in turn sold the M30 pills to Victim 1 in Seaside, California. On or about September 5, 2019, Victim 1 ingested at least one of Schraidt Rodriguez's fentanyl-laced M30 pills and, as a result, died of a fentanyl overdose.

Victim 1's spouse found Victim 1's unconscious body in their home in the middle of the night and made a heart-wrenching call to 911.  Law enforcement agents and first responders arrived quickly at the scene and transported Victim 1 to the hospital, where Victim 1 remained unresponsive and was declared deceased.

Victim 1 is survived by his/her spouse and their young son.  At the time of this filing, Victim 1's family has not submitted a victim impact statement or a request for restitution.

<u>Indictment, Arrest, and Release</u>

On October 6, 2020, a federal grand jury issued an indictment against Schraidt Rodriguez and co-defendant Sanchez for conspiring to distribute fentanyl and alprazolam and for distributing fentanyl that resulted in Victim 1's death.

On October 7, 2020, law enforcement agents detained Schraidt Rodriguez in Calexico, read him his Miranda rights in Spanish, and conducted an interview.  Schraidt Rodriguez stated that he worked at a pharmacy in Mexico and had instructed another person to transport Xanax and Viagra across the border for a drug customer.  Schraidt Rodriguez claimed that he worked only as a cashier at the pharmacy, that his pharmacy did not handle M30 pills with fentanyl or any controlled medications, and that he himself did know much about controlled medications and did not personally handle or sell any M30 pills containing fentanyl.  He did, however, state that he had heard about fentanyl in the news and knew fentanyl had caused many deaths in certain locations and abroad.  At the end of the interview, agents arrested Schraidt Rodriguez pursuant to the arrest warrant in this case.

On January 29, 2021, Schraidt Rodriguez was arraigned in magistrate court on the indictment.

On February 8, 2021, the magistrate judge held a detention hearing and ordered Schraidt Rodriguez's release.

On February 9, 2021, the United States filed a motion to revoke the release order.

On March 1 and 15, 2021, the Honorable Edward J. Davila held motion hearings and ultimately denied the United States' motion to revoke the release order.  Judge Davila released Schraidt Rodriguez to his custodian and surety in the Southern District of California.

Superseding Information, Plea, and Return to Custody

On March 25, 2022, the United States filed a superseding information charging Schraidt Rodriguez with one count of conspiracy to distribute fentanyl and alprazolam, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C), and one count of fentanyl distribution, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

On April 11, 2022, Schraidt Rodriguez pled guilty to the two charged counts, pursuant to a proposed Rule 11(c)(1)(C) plea agreement providing for a sentencing term of imprisonment between 84 months and 108 months.

On May 11, 2022, at his request, a magistrate judge remanded Schraidt Rodriguez to custody.

## II.   SENTENCING CALCULATIONS AND RECOMMENDATION

### A.   Criminal History Category

The United States agrees with Probation's calculation of a criminal history score of 0 and a criminal history category of I.

### B.   Sentencing Guidelines Calculation

The United States agrees with Probation's calculation of a base offense level of 38, a total offense level of 35, and a Sentencing Guidelines range of 168 to 210 months.

### C.   Sentencing Recommendation

The United States now recommends a sentence of 108 months of imprisonment, which is appropriate based on the sentencing factors set forth in 18 U.S.C. § 3553(a). A significant custodial term is appropriate based on Schraidt Rodriguez's history and characteristics, the nature and circumstances of his offenses, the need for deterrence and public protection, and the need to avoid unwarranted sentence disparities. §§ 3553(a)(1), (2), (6).

Schraidt Rodriguez was a pharmacy employee at the top of the deadly drug distribution chain charged in this case. He sourced fatal M30 pills from an illegitimate drug source, smuggled them over the United States border, and mailed them to Co-Conspirator 1 in the Northern District of California. He did not do so as a result of any drug addiction or substance use issues of his own; instead, he trafficked these drugs so he could turn a personal profit and earn some income on the side. As a trained

and experienced pharmacy employee, he knew intimately well the dangers of fentanyl and the disastrous consequences that his fatal M30 pills would have on the drug users at the end of the distribution chain, on these victims' families, and on their communities. Despite this general knowledge of fentanyl and his specific knowledge that his M30 pills contained fentanyl, Schraidt Rodriguez abused his position of trust in the community and continued selling M30 pills to Co-Conspirator 1 in complete and utter disregard for the horrific consequences that could—and that tragically did—ensue.

Fentanyl is a synthetic opioid 30 times more potent than heroin and its abuse has become alarmingly more prevalent and exponentially more dangerous in recent years.[1] From May 2019 to May 2020, for example, the United States recorded 81,230 drug overdose deaths, which was "the largest number of drug overdoses ever recorded" in a twelve month period.[2] As reported by the CDC, "[s]ynthetic opioids are the primary driver of the increases in overdose deaths" and "the increase in synthetic opioid-involved overdoses is primarily linked to illicitly manufactured fentanyl."[3]

These statistics are horrifying and it can be easy to forget that each of these heartbreaking numbers represents a real victim, with real families, who feel real pain. This case is atypical in that the United States did identify one overdose victim who died as a result of Schraidt Rodriguez's M30s: Victim 1, who ingested at least one of Schraidt Rodriguez's M30 pills in Seaside, California and suffered a fatal overdose as a result. Victim 1's spouse found Victim 1's unresponsive body at their home, in the middle of the night, and promptly called 911 – but it was too late to save Victim 1. The lives of Victim 1's family, and everyone in the community who knew and loved Victim 1, have been forever changed by this unspeakable loss of life.

Moreover, the unspeakable harms of Schraidt Rodriguez's drug trafficking likely extended beyond Victim 1. The total number of deadly M30 pills that Schraidt Rodriguez sold in 2018 and 2019 may never be known, but the most conservative calculation yields a rough estimate of at least 275 M30

---

[1] United States Sentencing Commission, Fentanyl and Fentanyl Analogues: Federal Trends and Trafficking Patterns 2 (2021), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210125_Fentanyl-Report.pdf.

[2] Centers for Disease Control and Prevention, HAN00438 (published Dec. 17, 2020) (last accessed Aug. 22, 2022), https://emergency.cdc.gov/han/2020/han00438.asp.

[3] *Id.*

pills. The consequences wreaked by the remainder of Schraidt Rodriguez's M30 pills, numbering at least 270 based on the evidence uncovered thus far, may also never be known. The severity and dangerousness of his conduct cannot be overstated, and neither can the need for public protection and deterrence. *See* 18 U.S.C. §§ 3553(a)(2)(A), (B), (C).

The need to avoid unwarranted sentencing disparities among similarly situated defendants also counsels toward a substantial custodial sentence. Undersigned government counsel is aware of six other recent defendants in this district whose drug overdose cases have publicly gone to sentencing and judgment:

- In 2017, Rodolfo Rivera-Herrera, a full-time drug dealer who was in CHC II and who sold 8,000 grams of heroin in a large-scale heroin conspiracy, including one gram of heroin that was ultimately sold to a victim who overdosed and died, was sentenced to 145 months in prison. *See United States v. Rivera-Herrera*, CR 15-579 VC, Dkt. 629 (Judgment).

- In 2021, Shane Cratty and Lindsay Bain Muniz were sentenced for their roles in arranging a fentanyl sale to an overdose victim who used their fentanyl in the presence of his child, both of whom suffered overdose deaths. Cratty, who was in CHC VI and who delivered the fentanyl to the victim-buyer and observed this victim with a child in tow, was sentenced to 96 months in prison. *See United States v. Cratty*, CR 19-681 CRB, Dkt. 122 (Judgment). Muniz, who was in CHC V and who supplied the fentanyl to Cratty, was sentenced to 90 months in prison. *See United States v. Muniz*, CR 19-681 CRB, Dkt. 127 (Judgment).

- In April 2022, Xavier Jimenez Robledo, a defendant in CHC IV who distributed fentanyl-laced M30 pills that resulted in two victims' overdoses, one fatally so, was sentenced to two concurrent custodial terms of 96 months. *See United States v. Robledo*, CR 21-114 BLF, Dkt. 83 (Judgment).

- In June 2022, Susan Arreola-Martin, a defendant in CHC III who fatally provided fentanyl to her granddaughter while Arreola-Martin was on pretrial release, was sentenced to 60 months in prison for her fentanyl distribution conduct, a sentence which ran concurrently and consecutively to three custodial sentences that were imposed at the same time in a mortgage fraud case. *See*

*United States v. Arreola-Martin*, CR 21-445 JD, Dkt. 28 (Judgment).

- In August 2022, Gage Pascoe, a defendant in CHC I who sold fentanyl-laced M30 pills that caused his high school friend's overdose death, was sentenced to 68 months in prison. *See United States v. Pascoe*, CR 22-25 WHA, Dkt. 80 (Judgment).

Like these defendants, Schraidt Rodriguez should be sentenced to a significant custodial term that reflects the severity, gravity, and tragedy of their fatal drug distribution conduct.

All of these considerations weigh heavily in favor of a lengthy custodial sentence for Schraidt Rodriguez. At the same time, however, Schraidt Rodriguez accepted responsibility early in this case for selling fentanyl to Victim 1. He has pled guilty to drug conspiracy and fentanyl distribution offenses and admitted in the factual basis of the plea agreement that his drug trafficking caused Victim 1 to fatally overdose. His early decision to plead guilty, paired with this Court's sentencing decision, will provide the victim, his/her family, and his/her community with closure and a greater ability to grieve their profound losses on their own terms, without having to re-live their painful memories at a trial in open court.

As a result, the United States respectfully requests a custodial sentence of 108 months, which is appropriate and just under these circumstances and the § 3553(a) factors.

**D.     Restitution**

At the time of this filing, undersigned counsel has not received a victim impact statement or a restitution request from the victim's family. If the victim's family does submit a victim impact statement or a restitution request, undersigned counsel will promptly notify the Court and defense counsel.

//

//

//

//

//

//

//

### III. CONCLUSION

The United States respectfully recommends a sentence of 108 months of imprisonment, pursuant to the Rule 11(c)(1)(C) plea agreement, and a restitution order for any qualifying expenses that the victim's family may submit before or at defendant Schraidt Rodriguez's sentencing hearing.

DATED: August 22, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

/s/ *Christina Liu*
CHRISTINA LIU
Assistant United States Attorney